```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARY IRVING REYNOLDS            :       CIVIL ACTION
                                :
          v.                    :
                                :
FEDERAL BUREAU OF PRISONS,      :
et al.                          :       NO. 09-3096
```

ORDER

AND NOW, this 2nd day of March, 2010, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendants to dismiss the plaintiff's amended complaint for lack of subject matter jurisdiction and, in the alternative, for summary judgment is GRANTED in part and DENIED in part;

(2) the motion of defendants, Federal Bureau of Prisons and Office of Inspector General, to dismiss count one of the amended complaint for lack of subject matter jurisdiction is GRANTED;

(3) the motion of defendants, Eric L. Holder, Odeida Dalmasi, Newton Kendig, Michael Nelson, John Manenti, Tracey Brown, Bruce Blackmon, Troy Levi, and Camille Duchaussee, to dismiss count one of the amended complaint for lack of subject matter jurisdiction is GRANTED to the extent the plaintiff, Gary Irving Reynolds, seeks economic and punitive damages;

(4)  the motion of defendants, Eric L. Holder, Odeida Dalmasi, Newton Kendig, Michael Nelson, John Manenti, Tracey Brown, Bruce Blackmon, Troy Levi, and Camille Duchaussee, for summary judgment against plaintiff is GRANTED with respect to count one of the amended complaint insofar as plaintiff seeks injunctive and declaratory relief;

(5)  the motion of defendants to dismiss count two of the amended complaint for failure to state a claim upon which relief can be granted (incorrectly denominated a motion for summary judgment) is GRANTED;

(6)  the motion of defendants to dismiss count three of the amended complaint is GRANTED without prejudice to its assertion before the Merit Systems Protection Board;

(7)  the motion of defendants to dismiss count four of the amended complaint for lack of subject matter jurisdiction is GRANTED insofar as plaintiff seeks compensatory and punitive damages;

(8)  the motion of defendants for summary judgment against plaintiff is GRANTED with respect to count four of the amended complaint to the extent the plaintiff seeks injunctive and declaratory relief;

(9)  the motion of defendants, Federal Bureau of Prisons and Office of Inspector General, to dismiss counts five, six and seven of the amended complaint for lack of subject matter jurisdiction is GRANTED;

(10)  the motion of defendants, Eric L. Holder, Odeida Dalmasi, Newton Kendig, Michael Nelson, John Manenti, Tracey Brown, Bruce Blackmon, Troy Levi, and Camille Duchaussee, for summary judgment against plaintiff is GRANTED with respect to counts five and six of the amended complaint;

(11)  the motion of defendants, Eric L. Holder, Odeida Dalmasi, Newton Kendig, Michael Nelson, John Manenti, Tracey Brown, Bruce Blackmon, Troy Levi, and Camille Duchaussee, for summary judgment against plaintiff is DENIED with respect to count seven of the amended complaint;

(12)  within thirty (30) days of the date of this Order, The Attorney General of the United States may file and serve any certification pursuant to the Federal Tort Claims Act, 42 U.S.C. § 2679(d)(1), that the individual defendants, Eric L. Holder, Odeida Dalmasi, Newton Kendig, Michael Nelson, John Manenti, Tracey Brown, Bruce Blackmon, Troy Levi, and Camille Duchaussee, were acting within the scope of their employment when they filed the Adverse Action Report; and

(13)  the emergency motion of Dr. Reynolds for an "ex-parte temporary restraining order and preliminary injunction" is DENIED.

BY THE COURT:

/s/ Harvey Bartle III
C.J.