IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARY IRVING REYNOLDS             :        CIVIL ACTION
                                 :
          v.                     :
                                 :
FEDERAL BUREAU OF PRISONS,       :
et al.                           :        NO. 09-3096


MEMORANDUM

Bartle, C.J.                                     July 14, 2010

        On August 5, 2009, pro se plaintiff, Dr. Gary Irving
Reynolds, filed this lawsuit alleging violations of his rights
under the United States Constitution and various state-law claims
in connection with his dismissal from his position as a Medical
Officer at the Federal Bureau of Prisons ("BOP") in Philadelphia,
Pennsylvania.  On November 9, 2009, he amended his complaint as a
matter of course pursuant to Rule 15 of the Federal Rules of
Civil Procedure.  In March, 2010, we granted in part and denied
in part the motion of the original defendants to dismiss the
plaintiff's amended complaint for lack of subject matter
jurisdiction and for summary judgment.  We held that many of the
claims asserted in the amended complaint were barred by the
applicable statute of limitations.  Reynolds v. Fed. Bureau of
Prisons, No. 09-3096, 2010 WL 744127 (E.D. Pa. Mar. 2, 2010).

        On March 25, 2010, the plaintiff moved for leave to
file a second amended complaint.  Before we had the opportunity
to address the motion, the plaintiff moved for leave to file a

third amended complaint.  Defendants oppose this latest motion on the ground of futility.

The proposed third amended complaint names the following defendants:  (1) BOP; (2) Office of Inspector General; (3) Eric L. Holder; (4) Odeida Dalmasi, M.D., Clinical Director of the Federal Detention Center ("FDC"); (5) Rear Admiral Newton Kendig, M.D., Assistant Director and Medical Director at BOP; (6) Bruce Blackmon, Associate Warden, Operations at FDC; (7) Troy Levi, Warden of FDC; and (8) Camille Duchaussee, Employee Services Manager at FDC.

The third amended complaint contains the following eight claims for relief:  (1) "Violation of Fifth Amendment by the United States and Defendant RADM Newton Kendig, M.D. in his Individual Capacity for Acts Associated with the May 20, 2008 Response to MGMC [Malcom Grow Medical Center]" (Count One); (2) "Violation of Title 42 § 1985 against the United States and Defendant RADM Newton Kendig, M.D. in his Individual Capacity for Conduct Associated with the May 20, 2008 Response to MGMC" (Count Two); (3) "Violation of Title 42 § 1986 against the United States and Defendants RADM Newton Kendig, M.D., and Odeida Dalmasi, M.D. in their Individual Capacities for Failure to Appropriately Act in Response to the Status Update Request from MGMC" (Count Three); (4) "Violation of 5th Amendment against the United States and Defendants Odeida Dalmasi, M.D., and RADM Newton Kendig, M.D. in their Individual Capacities for Failure to Honor the September 29, 2008 Hearing Request" (Count Four); (5) "Violation

-2-

of 42 U.S.C. § 1985 against the United States and Defendants Odeida Dalmasi, M.D., and RADM Newton Kendig, M.D., in their Individual Capacities for Failure to Honor the September 29, 2008 Hearing Request" (Count Five); (6) "Violation of Title 42 U.S.C. § 1985 against the United States and Defendants Bruce Blackmon and Troy Levi in their Individual Capacities for Conduct Associated with Plaintiff's Removal on January 5, 2009" (Count Six); (7) "Violation of Title 42 U.S.C. § 1986 against the United States and Defendant Camille Duchaussee in her Individual Capacity for Conduct Associated with Plaintiff's Removal on January 5, 2009" (Count Seven); and (8) "Violation of Title 42 U.S.C. § 1985 against the United States and Defendants RADM Newton Kendig, M.D., and Warden Troy Levi in their Individual Capacities for Conduct Associated with the January 5, 2009 Report to HIPDB [Healthcare Integrity and Protection Data Bank]" (Count Eight).

## I.

We address the motion for leave to file a third amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.  It states that the court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Reasons for denying leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Granting leave to amend would be futile where the court lacks subject matter jurisdiction or where the plaintiff has failed to state a

claim upon which relief can be granted.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

                                        II.

        The plaintiff was discharged from his position as a medical officer with the BOP on January 5, 2009 after the allegations against him of sexual abuse during a physical examination of a BOP female employee candidate were sustained. Among other things, the plaintiff seeks to have his clinical privileges to practice medicine at the FDC restored.

        Plaintiff claims that the "interests of justice" mandate amending the second amended complaint so that "several procedural defects identified in Defendant's Brief in Opposition to Plaintiff's Motion for Leave to Amend" can be corrected.  He also maintains that amendment is proper so that certain individual defendants named in their individual capacities can be "reinstated."  Additionally, he asserts that the harm he is suffering is ongoing.

        The Government, as noted above, contends that the motion for leave to file a third amended complaint is futile. More specifically, the Government argues that the law of the case doctrine bars the plaintiff's claims as pleaded in the proposed third amended complaint.

        The Government correctly contends that the plaintiff's claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) are barred by the statute of limitations.  We construe Count One of the third

amended complaint as a <u>Bivens</u> claim.  It alleges that Dr. Kendig,
in his individual capacity, violated the plaintiff's due process
rights under the Fifth Amendment to the Constitution.  A <u>Bivens</u>
claim may be asserted against a defendant in his or her
individual capacity.  <u>Debrew v. Auman</u>, 354 Fed. App'x 639, 641
(3d Cir. 2009).

        According to the third amended complaint, on April 3,
2007, plaintiff received a memorandum indicating that his
clinical privileges were being placed in abeyance pending an
investigation into the death of an inmate medically managed by
the plaintiff.  On May 20, 2008, Dr. Kendig faxed a letter to the
Malcom Grow Medical Center advising that the plaintiff's clinical
privileges remained in abeyance.  Plaintiff complains that Dr.
Kendig "never offered [the plaintiff] a fair and equitable remedy
process to restore plaintiff's clinical privileges."  Third Am.
Compl. ¶ 108.  As we stated in our March 2, 2010 Memorandum,
plaintiff's <u>Bivens</u> claim based on this alleged due process
violation is barred by the statute of limitations.  <u>Reynolds</u>,
2010 WL 744127 at *5.  We apply Pennsylvania's two-year statute
of limitations to this <u>Bivens</u> claim.  <u>Brown v. Tollackson</u>, 314
Fed. App'x. 407, 408 (3d Cir. 2008).  Such a claim accrues when
the plaintiff knew or should have known of the alleged civil
rights violation.  <u>Sameric Corp. of Delaware, Inc. v. City of
Phila.</u>, 142 F.3d 582, 599 (3d Cir. 1998).  On April 3, 2007, Dr.
Reynolds was informed that his clinical privileges were being
placed in abeyance.  His complaint for alleged procedural due

process violations was filed more than two years later on August 5, 2009. Granting leave to file a third amended complaint with respect to Count One will be denied because such amendment is futile.

Insofar as Count One is asserted against the United States, leave is denied because no waiver of sovereign immunity has occurred here. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 485 (1994).

Count Two, a claim under 42 U.S.C. § 1985, is asserted against Dr. Kendig and the United States. It alleges that Dr. Kendig's May 20, 2008 fax to Malcom Grow Medical Center advising that the plaintiff's clinical privileges remained in abeyance was "designed to interfere with plaintiff's ability to practice medicine in the military without offering a fair and equitable remedy process[.]" Third Am. Compl. ¶ 114. Claims under 42 U.S.C. § 1985(3) for conspiracy to violate Constitutional and federal substantive due process rights are subject to Pennsylvania's two-year statute of limitations for personal injury actions. Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989).

As with Count One, the alleged violation about which plaintiff complains is the defendants' alleged failure to provide him a hearing prior to placing his privileges in abeyance. The fact that the defendants gave a status update to a non-party sometime after revoking his privileges does nothing to alter the fact that the plaintiff knew in April, 2007, more than two years

prior to filing his complaint, that his clinical privileges were being placed in abeyance without a hearing. It would be futile to amend Count Two because the statute of limitations bars this claim.

Insofar as Count Two is asserted against the United States, leave is denied because no waiver of sovereign immunity has occurred here. Meyer, 510 U.S. at 485.

Count Three of the third amended complaint alleges a violation of 42 U.S.C. § 1986, which provides a cause of action against any person who, "knowing that a violation of § 1985 is about to be committed and possessing power to prevent its occurrence, fails to take action to frustrate its execution." Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980). A claim under § 1986 is predicated on or "depends on a preexisting violation of" § 1985. Id. If a plaintiff fails to state a claim under § 1985, he or she cannot assert a violation of § 1986. Id. Accordingly, granting leave to file a third amended complaint would be futile with respect to Count Three because the plaintiff cannot state a claim under § 1985.

Count Four of the proposed third amended complaint is brought against Odeida Dalmasi, M.D. and Newton Kendig, M.D. in their individual capacities and the United States under the Fifth Amendment for their alleged failure to provide a hearing in response to the plaintiff's September 29, 2008 request for one. With respect to the individual defendants, we apply Pennsylvania's two-year statute of limitations to this Bivens

claim.  <u>Tollackson</u>, 314 Fed. App'x. at 408.  Once again, the
plaintiff was informed in April, 2007 that his clinical
privileges were being placed in abeyance without a hearing.  Any
claim for a due process violation began to accrue at the time
that the plaintiff reasonably should have known that a violation
occurred.  <u>Sameric</u>, 142 F.3d at 599.  Here, the plaintiff knew in
April, 2007 that his privileges were being revoked without a
hearing.  The fact that the plaintiff belatedly asserted his
right to a hearing in September, 2008 has no bearing on the
accrual date for his cause of action.  We will deny the motion of
the plaintiff for leave to amend his complaint a third time with
respect to Count Four because such amendment would be futile.

Insofar as Count Four is asserted against the United
States, leave is denied because no waiver of sovereign immunity
has occurred here.  <u>Meyer</u>, 510 U.S. at 485.

In Count Five, the plaintiff asserts a claim pursuant
to 42 U.S.C. § 1985 against Odeida Dalmasi, M.D. and Newton
Kendig, M.D. in their individual capacities for their alleged
failure to provide him a hearing in response to his September 29,
2008 request for one.  Our reasoning with respect to Count Two
applies here as well.  The two-year statute of limitations bars
this claim.  <u>Bougher</u>, 882 F.2d at 79.

Count Six is also brought pursuant to 42 U.S.C. § 1985
against Bruce Blackmon and Troy Levi, in their individual
capacities, and against the United States.  The plaintiff alleges
that "employees acting on behalf of and/or acting as agents of

defendants, in an effort to continue interference with plaintiff's ability to practice medicine as well as conceal violations of Title VII of the Civil Rights Act of 1964, as amended and the Uniformed Services Employment and Re-employment Rights Act of 1994 (USERRA), initiated removal proceedings."  He asserts that defendant Blackmon, who "was aware of a Title VII retaliation claim filed against him," contributed to the conspiracy by issuing to the plaintiff a "Proposal to Remove" letter.  Plaintiff claims he was denied "fair and equitable due process under the CSRA [Civil Service Reform Act]."  He seeks declaratory and injunctive relief under § 1985(3).

Section 1985(3) provides a cause of action:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the law ...

Section 1985(3) is a remedial statute.  Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979).  It provides a "cause of action when some otherwise defined federal right – to equal protection of the laws or equal privileges and immunities under the laws – is breached by a conspiracy in the manner defined by the section."  Id.

The plaintiff appears to be arguing that the defendants conspired to deprive him of his federal rights under Title VII, 42 U.S.C. § 2000e et seq., and the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. 95-454, 92 Stat. 1111. However, plaintiff's rights under Title VII and the CSRA may not be asserted within the remedial framework of § 1985(3). Novotny, 442 U.S. at 378; Hall v. Clinton, 235 F.3d 202 (4th Cir. 2000). In Novotny, the Supreme Court reasoned that if a "violation of Title VII could be asserted through § 1985(3), a complainant could avoid most if not all of these detailed and specific provisions of the law." 442 U.S. at 375-76. It concluded that "Unimpaired effectiveness can be given to the plan put together by Congress in Title VII only by holding that deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3). Id. at 378.

Similarly, in Hall, the Court of Appeals for the Fourth Circuit reasoned that "Congress intended that the CSRA would operate to the exclusion of all other statutory remedies for claims arising out of the federal employment relationship." 235 F.3d at 206. Accordingly, granting leave to plaintiff to amend Count Six would be futile because his claims are preempted by Title VII and the CSRA.

Count Seven asserts a claim under 42 U.S.C. § 1986, which is premised on the claim under § 1985 in Count Six. As noted above, a claim under § 1986 fails in the absence of a valid claim under § 1985. Rogers v. Mount Union Borough by Zook, 816

F. Supp. 308 (M.D. Pa. 1993).  Leave to amend this count will be

denied.

Count Eight alleges another cause of action under 42

U.S.C. § 1985.  It is asserted against Newton Kendig, M.D. and

Troy Levi, in their individual capacities, as well as the United

States for "Conduct Associated with the January 5, 2009 Report to

HIPDB."  Plaintiff alleges the defendants made false statements

in a report they submitted regarding the plaintiff to the HIPDB.

Plaintiff claims that the "underlying motive for the conspiracy

was to conceal violations of Title VII of the Civil Rights Act of

1964, as amended and USERRA committed by Warden Levi[.]"  As he

alleged in Count Six, plaintiff maintains that his rights under

Title VII were violated.  However, § 1985(3) may not be used to

protect rights created by Title VII.[1]  See Novotny, 442 U.S. at

378.  We will deny leave to amend this count.

In conclusion, it would be futile for the plaintiff to

file the proposed third amended complaint because none of the

claims alleged therein is viable.

---

1.  We also note that plaintiff currently has another pending
lawsuit in this court in which he asserts claims under Title VII.
Reynolds v. Eric Holder, et al., No. 08-4270 (E.D. Pa.).  Counts
I and II of the plaintiff's amended complaint on this docket
allege race discrimination and retaliation in violation of Title
VII.  Count III is a cause of action for "Termination in
Violation of Title VII."  (Doc. No. 51).